**E-FILED**
Thursday, 23 March, 2017 02:26:21 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KORI WHITCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3278 |
| | ) | |
| CANTON MARINE TOWING CO., INC., and the M/V SIR J-ETTE in rem, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kori Whitchurch's Motion to Compel Discovery Responses (d/e 13) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

Whitchurch brings this action under the Jones Act, 46 U.S.C. § 30104, and general United States maritime law for injuries he allegedly suffered during an incident (Incident) on August 9, 2016, while Whitchurch was a crew member on Defendant M/V SIR J-ETTE, a vessel (the Vessel) operated on the Mississippi River near Quincy, Illinois. At the time of the Incident, Defendant Canton Marine Towing Co., Inc. (Canton), owned and

operated the Vessel and employed Whitchurch as a crew member on the Vessel.  See Verified Complaint in Admiralty (d/e 1) (Complaint).

Whitchurch served Defendant Canton with Interrogatories and a Request to Produce Documents.  Whitchurch received Canton's responses and privilege log on January 27, 2017.  The parties met and conferred to resolve disputes regarding Canton's responses.  Canton supplemented its responses on February 21, 2017.  The supplemental responses did not resolve all the parties' disputes regarding the discovery.  The parties met and conferred, but could not resolve the remaining disputes.  Whitchurch then filed this Motion asking the Court to compel additional responses and a more complete privilege log.

Whitchurch asks the Court to compel additional responses to Interrogatory Nos. 2, 3, and 7; additional documents in response to Requests to Produce Nos. 1, 2, and 6; and a more complete privilege log. Canton argues that it has responded appropriately, that the additional information sought is privileged, and that the privilege log is proper and complete.  The Court addresses the disputed requests in order.  The Court addresses the privilege log issue in connection with Request to Produce No. 2.

Interrogatory No. 2

    Whitchurch asked the following in Interrogatory No. 2:

    Identify each and every person who saw or claims to have seen Kori Whitchurch's accident or heard him describe his accident or injury in any way.

Canton Supplemental Res:

    ANSWER: See CM000041-CM000045. See also, CM000200-CM000202. Investigation continues.

Motion, Exhibit 3, Defendant Canton Marine's Supplemental Answers to Plaintiff's Interrogatories (Supplemental Answers), at 1.[1]

    Documents CM000041-CM000045 are accident reports completed by all the crew members of the Vessel at the time of the Incident. Canton provided the full name and address information for these crew members in answer to Interrogatory 1. Canton states that Documents CM000200-CM000202 are dispatcher's logs. The latter documents do not identify the individual dispatchers or others who have personal knowledge of the statements in those documents. Canton is directed to disclose the names and business addresses and telephone numbers of those individuals to Whitchurch. The interrogatory also asks for the identity of anyone who heard Whitchurch "describe his accident or injury in any way." Canton is

---

[1] The Court has omitted the emphasis in Canton's answer to interrogatories and responses to requests to produce. The emphasis used by Canton identified supplemental portions of responses and is not material to the Motion.

directed to provide the names and addresses of any other individuals who heard Whitchurch make any such statements, or certify that Canton is not aware of any such additional individuals.

Interrogatory No. 3

Whitchurch asked in Interrogatory No. 3:

Identify by quoting any safety rule(s), regardless of who promulgated such rules, which apply to the task of pulling wire from a stationary winch and for each such rule state whether you contend the plaintiff violated the rule and if so, how, and describe fully how each such violation contributed to cause his injury and for each such rule state:

> a) the act(s) which the plaintiff did which you say violated the rule;
>
> b) how, if at all, said act contributed to cause his injury;
>
> c) specifically what the plaintiff should have done to follow said rule and avoid injury;
>
> d) describe fully this defendant's means of obtaining data concerning employee rule violations, its analysis of employee rule violations and its enforcement mechanism for rule violations during the time that Kori Whitchurch was employed by this defendant up to and including August 9, 2016;

Canton's supplemental response to the Interrogatory stated:

> ANSWER: Canton Marine objects to this interrogatory because it is vague, overly broad, and unduly burdensome. Nearly every safety rule – from wearing a life jacket to not horsing around – applies to the task of pulling wire from a stationary winch. Subject to, and without waiving these objections, see CM000006-CM000026, CM000034-CM000040, and

CM000046-CM000052. See also "Deckhand's Manual" and "OSHA Safety Training Handbook" (7th Edition, J.J. Keller & Associates, Inc.), which were provided to Plaintiff by Canton Marine. Finally, employee rule violations are dealt with on a case-by-case basis.

Furthermore, Canton Marine is still waiting for Plaintiff to explain how his alleged injury occurred. Canton Marine will supplement this interrogatory after Plaintiff's deposition when more information becomes available. Subject to, and without waiving the above-mentioned objections, based on the currently available information, Plaintiff may have violated Rules 22, 23, and 35 of Canton Marine's "Be Safe Manual," which is marked as CM000046-CM000052. Investigation continues.

Supplemental Answers, at 2.

Whitchurch asks the Court to compel Canton to provide a more detailed response at this time. The request is denied. This is a contention interrogatory, asking what rules does Canton contend Whitchurch violated. Canton listed three, but said more may come up during discovery, particularly after Whitchurch's deposition. Contention interrogatories are often better answered after parties are near the end of discovery because they are better able to give complete responses. See Logan v. Burge, 2010 WL 4074150, at *4 (N.D. Ill. October 12, 2010); Ziemack v. Centel Corp., 1995 WL 729295, at *2 (N.D. Ill. December 7, 1995). The Court will not compel a more complete answer now. Canton, however, is hereby ordered to update this answer within 14 days after the date that it takes

Whitchurch's deposition to more completely set forth the rules that it contends Whitchurch violated at the time of the Incident. Both parties, of course, must also update all responses to discovery in accordance with the Federal Rules.

Interrogatory No. 7

Whitchurch asked the following in Interrogatory No. 7:

Identify by name, residence address, residence telephone number, social security number and employer, each person who has or claims to have knowledge of plaintiff's activities and/or physical condition since the date of his injury and the information you believe they possess.

Canton responded:

ANSWER: Canton Marine objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to, and without waiving these objections, see CM000041-CM000045 and CM000079-CM000144. Also, Plaintiff's girlfriend likely has knowledge of Plaintiff's activities and physical condition since the date of his alleged injury. See persons identified in CM000041-CM000045 and medical providers in CM000079-CM000144. See also, CM000200-CM000202. Investigation continues.

Supplemental Answers, at 4.

Canton objected to this interrogatory based on claims of attorney-client privilege and/or attorney work product privilege. Canton has the burden to establish these claims of privilege. Canton claims these

privileges for information that Canton's counsel learned during an investigation of the Incident and Whitchurch's injury claims in anticipation of this litigation. Canton asserts that information that an attorney secures during such an investigation is protected by these privileges.

To establish the attorney-client privilege, Canton must show that the request seeks (1) a confidential communication; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship. United States v. BDO Seidman, LLP, 492 F.3d 806, 815 (7th Cir. 2007). The privilege only extends to "those communications which 'reflect the lawyer's thinking [or] are made for the purpose of eliciting the lawyer's professional advice or other legal assistance' fall within the privilege." Id. (quoting United States v. Frederick, 182 F.3d 496, 500 (7th Cir. 1999)). The privilege further "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." Upjohn Co. v. United States, 449 U.S. 383, 395 (1981). Interrogatory No. 7 does not ask for confidential communications or attorney advice. The Interrogatory only asks for identity of individuals with knowledge and the factual information that the individuals possess. The claim of attorney-client privilege is overruled.

Canton also asserts the attorney work product privilege. The work product privilege is set forth in Federal Rule of Civil Procedure 26(b)(3):

**(3)** *Trial Preparation: Materials.*

**(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

>**(i)** they are otherwise discoverable under Rule 26(b)(1); and

>**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

>**(i)** a written statement that the person has signed or otherwise adopted or approved; or

>**(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

Fed. R. Civ. P. 26(b)(3). The work-product privilege "protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." Sandra T.E. v. South Berwin School District 100, 600 F.3d 612, 618 (7th Cir. 2010). The purpose of the privilege is to "protect an attorney's mental impressions and opinions against disclosure and to limit the circumstances in which attorneys may piggy-back on the research and thinking of their more diligent adversaries." United States v. Dean Foods Co., 2010 WL 3980185, at *2 (E.D. Wis. October 8, 2010). The Supreme Court explained when it adopted this privilege, that "under ordinary circumstances, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to dangers of inaccuracy and untrustworthiness." Hickman v. Taylor, 329 U.S. 495, 513 (1947). The Supreme Court, however, also said that the underlying facts, themselves, are not protected, "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, a party may compel the other to disgorge whatever facts he has in his possession." Hickman, 329 U.S. at 507.

The privilege, therefore, extends to any documents prepared by an attorney in anticipation of litigation that contain statements by individuals

that are responsive to this Interrogatory, or to recitations of statements contained in those documents.  The privilege, however, does not extend to the identity of individuals with knowledge and the factual information that such individual possess.  See EEOC v. Jewel Food Stores, Inc., 231 F.R.D. 343, 346-49 (N.D. Ill. 2005); Dean Foods Co., 2010 WL 3980185, at *3-*5.

Canton cites 1100 West, LLC v. Red Spot Paint and Varnish Co., Inc., 2007 WL 2904073 (S.D. Ind. May 18, 2007), to support its claim that the identity of individuals with knowledge and the factual information that the individuals possess may be protected by the work product privilege.  The Red Spot case concerned a motion to quash a subpoena duces tecum.  The case, therefore, only put at issue whether documents prepared by attorneys are privileged, not whether the information is privileged.  Red Spot does not apply to answers to interrogatories.

Interrogatory No. 7 only asks for the identity of individuals with knowledge about the Incident and Whitchurch's activities and/or physical condition after the Incident.  The Interrogatory does not ask for notes or other documents prepared by Canton's attorneys.  The work-product objection is overruled.  Canton is directed to provide a complete response to Interrogatory No. 7.

Canton states in its opposition to the Motion that, "Canton Marine has no other discoverable information at present." Defendant Canton Marine's Brief in Response to Plaintiff's Motion to Compel (d/e 14), at 2. The wording is unclear; Canton may be stating that it has no discoverable information because of its claims or privilege or it has no other responsive information regardless of claims of privilege. If Canton has no other responsive information regardless of claims of privilege, it may say so in its response; otherwise, Canton is directed to produce the complete response to Interrogatory No. 7, including the identity of the individuals with personal knowledge and a summary of the information they possess.

Request to Produce No. 1

Whitchurch asked for the following documents in Request to Produce No. 1:

> Any statement or transcription of a statement by or attributable to the plaintiff, whether oral or written, whether or not recorded, including any notes of any conversations with the plaintiff concerning any aspect of this litigation.

Canton responded:

> RESPONSE: Canton Marine objects to producing any notes of conversations with Plaintiff as protected by the work product doctrine – Federal Rules of Civil Procedure, Rule 26(b)(3)(A). Subject to this objection, and limited to recorded statements or written statements by Plaintiff, see only documents produced, including Plaintiff's accident report produced as CM000042. See also CM000200-CM000202.

Motion, Exhibit 4, Defendant Canton Marine's Supplemental Responses to Plaintiff's Requests for Production (Supplemental Responses), at 1.

Canton objects based on its claim of work product privilege.  Canton listed Whitchurch's accident report and the dispatcher's log as responsive. Canton must also produce any document prepared by a person who was not Canton's attorney or agent of the attorney if any such documents exist. Such documents are not covered by the work product privilege.

Canton must also produce a more complete privilege log.  At this point, the Court cannot determine what sworn statements exist and whether the sworn statements are covered by the work-product privilege.  If the documents consist of attorney notes and summaries of statements by Canton's employees collected in anticipation of this litigation, then the documents would be protected by the work-product privilege. See Sandra T.E., 600 F.3d at 618-21. Courts have held, however, that affidavits by third party witnesses are not covered by the work-product privilege because the affidavits are sworn statements of fact based on personal knowledge, and so, are not documents that contain attorney mental impressions or opinions. See Murphy v. Kmart Corp., 259 F.R.D. 421, 428-31 (D. S.D. 2009); but cf. Red Spot, 2007 WL 2904073, at *1-*3 (draft of affidavits and notes made to prepare affidavits are privileged).  Without such complete

information, the Court cannot determine whether Canton can meet its burden to establish its claims of privilege.

Canton must produce a privilege log that describes the nature of the documents, communications, or tangible things not produced "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Canton's privilege log fails to provide such information.

Canton is ordered to prepare a revised privilege log that states with respect to each document withheld:

1. A brief description or summary of the content of the document or communication;

2. The date the document was prepared;

3. The name or names of the person or persons who prepared the document;

4. In the case of a document that was referred to collectively with other documents in the original privilege log as "Statements from Canton Marine employees taken by attorney, Jim Mondl in September 2016," the identity of the person who made the statements in the document;

5. The person to whom the document was directed, or for whom it was prepared;

6. The purpose for preparing the document or communication;

7. The privilege or privileges asserted for the document or communication; and

8. How the document or communication satisfies the asserted privilege or privileges.

See Moore's Federal Practice, §26.90 (Matthew Bender 3rd ed.). Canton is directed to provide the revised privilege log to Whitchurch by April 4, 2017. The parties are then directed to meet and confer to see if they can resolve remaining disputes regarding the listed documents. If the parties cannot resolve their differences, Whitchurch may renew its motion with respect to the unresolved disputes.

Request to Produce No. 2

Whitchurch asked the following documents in Request to Produce No. 2:

> 2. All statements of witnesses, whether recorded, written, transcribed or of any nature, which are in the possession of the defendant or its attorneys that contain any statement of any fact bearing any relation to the captioned litigation.

Canton responded:

> RESPONSE: Canton Marine objects to this request because it seeks documents protected by the work product doctrine because any statements were taken by Canton Marine's attorneys in anticipation of litigation. See Privilege Log.

Motion, Exhibit 2, Defendant Canton Marine's Responses to Plaintiff's Request for Production, at 1-2.

The privilege log is, again, inadequate to evaluate Canton's claims of privilege. Canton is directed to provide Whitchurch with a revised privilege log and the parties are directed to attempt to resolve their disputes as directed above. Whitchurch may renew its motion with respect to this request if the parties cannot resolve their disputes.

Request to Produce No. 6

Whitchurch asked for the following documents in Request to Produce No. 6:

> 6. All communications to any person by the plaintiff which are in the defendant's actual or constructive custody or control.
>
> Canton responded:
>
> RESPONSE: Canton Marine objects to producing any notes of conversations with Plaintiff as protected by the work product doctrine – Rule 26(b)(3)(A) – and further objects on grounds of vagueness in that Plaintiff fails to identify what a "communication" would include, and accordingly fails to identify with reasonable particularity the documents sought. Subject to these objections, and limited to recorded or written statements by Plaintiff, or other documents sent by Plaintiff, see only documents produced. See also CM000200-CM000202.

Supplemental Responses, at 2.

Canton objects on the basis of vagueness and work product. The Court finds that the request is overly broad because it is not limited to

communications related to the Incident or to Whitchurch's claims of injuries resulting from the Incident.  With respect to the vagueness objection, Whitchurch provided a sufficient definition of "communication" in footnote 2 of the Motion.  Motion, at 3 n.2.  The vagueness objection is overruled in light of the definition provided by Whitchurch.

Canton failed to produce an adequate privilege log to enable the Court to evaluate the privilege claims.  Canton is directed to produce unprivileged documents that contain communications to any person by the plaintiff which are in the defendant's actual or constructive custody or control and which relate to the Incident or to Whitchurch's claims of injuries resulting from the Incident.  For purposes of this Request, the term "communication" is defined as set forth in footnote 2 of the Motion.  If Canton maintains its claims of privilege, it must provide the privilege log in the manner described above.  If the parties still cannot thereafter resolve their disputes regarding this Request, Whitchurch may renew its motion.

THEREFORE Plaintiff Kori Whitchurch's Motion to Compel Discovery Responses (d/e 13) is ALLOWED in part and DENIED in part.  Defendant Canton Marine Towing Co., Inc. is ordered to produce all additional answers to interrogatories and all additional responsive documents, and the revised privilege log required by this Opinion by April 4, 2017.  If the

parties cannot thereafter resolve Defendant's claims of privilege, Plaintiff may renew its Motion.

ENTER: March 23, 2017

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE