IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KORI WHITCHURCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-3278 |
| CANTON MARINE TOWING CO., INC. and the M/V SIR J-ETTE in rem, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Canton Marine Towing Co., Inc.'s (Canton Marine) Motion to Quash (d/e 27) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

On June 30, 2017, Plaintiff Kori Whitchurch served a subpoena duces tecum (Subpoena) on the custodian of records at Midwest Professional Investigations II, Inc. (Midwest). Defendant Canton Marine retained the services of Midwest to conduct investigations in this case. Fred Kientzle of Midwest performed the investigations. Kientzle performed the investigations in 2017, after this case was pending.

The Subpoena instructed Midwest to produce the following documents for inspection on July 14, 2017:

Production Request Contained:

(1) All communications to/from Tonkin & Mondl, including letters, texts, and e-mails;

(2) All reports, including draft reports, prepared;

(3) All bills;

(4) All records of time spent on surveillance;

(5) All images, video, still photography, and any other form;

(6) Any documents received from Tonkin & Mondl;

(7) Any documents sent to Tonkin & Mondl;

(8) Any searches run on Kori Whitchurch since date of accident;

(9) Any other document or image relating to Kori Whitchurch in his possession now or at any time since date of accident.

Motion, Exhibit 1, Subpoena, at 3. The law firm of Tonkin & Mondl mentioned in the Subpoena is defense counsel in this case.

Canton Marine moved to quash the Subpoena asserting a work product/privilege for the documents sought. Motion, ¶ 7 (citing Fed. R. Civ. P. 45(d)(3)(A)(iii)). Whitchurch objected to the Motion as premature because Canton Marine did not meet and confer with Whitchurch's counsel

before filing the Motion. The Motion is a motion to quash under Rule 45. Rule 45 does not have a meet and confer requirement. Fed. R. Civ. P. 45(d)(3). Canton Marine was not required to meet and confer with opposing counsel before filing the Motion. The Motion is timely.

Whitchurch also challenges Canton Marine's claims of privilege. The Court directed Canton Marine, Kientzle, and Midwest to produce all the responsive documents for in camera inspection to resolve the claims of privilege. Text Order entered September 11, 2017. They have complied. The Court has reviewed the documents.

Canton asserts the attorney work product privilege for all responsive documents. Motion, ¶7. The work product privilege is set forth in Federal Rule of Civil Procedure 26(b)(3):

> **(3)** *Trial Preparation: Materials.*
>
> **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> **(i)** they are otherwise discoverable under Rule 26(b)(1); and
>>
>> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

**(i)** a written statement that the person has signed or otherwise adopted or approved; or

**(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it—that recites substantially verbatim the person's oral statement.

Fed. R. Civ. P. 26(b)(3).

The work-product privilege "protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." Sandra T.E. v. South Berwyn School District 100, 600 F.3d 612, 618 (7th Cir. 2010). The purpose of the privilege is to "protect an attorney's mental impressions and opinions against disclosure and to limit the circumstances in which attorneys may piggy-back on the research and thinking of their more diligent adversaries." United States v. Dean Foods Co., 2010 WL 3980185, at *2 (E.D. Wis. October 8, 2010). The Supreme Court explained when it adopted this privilege, that "under

ordinary circumstances, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to dangers of inaccuracy and untrustworthiness." Hickman v. Taylor, 329 U.S. 495, 513 (1947). The privilege extends to documents prepared by the attorney's agent. Fed. R. Civ. P. 26(b)(3)(A). The Supreme Court, however, also said that the underlying facts, themselves, are not protected, "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, a party may compel the other to disgorge whatever facts he has in his possession." Hickman, 329 U.S. at 507.

In light of these principles, documents with Bates Stamp Numbers CM000860-CM000889 are privileged. These documents are a series of text messages on February 16, 20, 21, 22, 2017, and March 1, 2017. These text messages contain investigative reports and discussions regarding those reports between Kientzle and defense counsel James Mondl. Such investigative reports are privileged as documents made during the course of litigation and are made in anticipation of litigation or trial by Canton Marine's counsel and agent. See Binks Manufacturing Co. v. National Presto Industries, Inc., 709 F.2d 1109, 1118-19 (7th Cir. 1983);

Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610, 614 N.D. Ill. 2000).

Documents with Bates Stamp Numbers CM000890 and CM000891 are also privileged. These are invoices prepared by Midwest for services rendered in connection with this case. The invoices contain information regarding the investigation. The documents, therefore, are privileged as documents made in anticipation of litigation or trial by Canton Marine's counsel and agent. See Roa v. Tetrick, 2014 WL 695961, at *5 (S.D. Ohio February 24, 2014).

Documents with Bates Stamp Numbers CM00841 – CM000845 and the upper portion of CM000846 are emails from Mondl to Kientzle dated February 7 and 8, 2017. Mondl prepared these documents to prepare for litigation or trial of this case. The documents, therefore, are privileged as documents made in anticipation of litigation or trial by Canton Marine's counsel. See Id.

Documents with Bates Stamp Numbers CM000847 – 849 are emails between Mondl and Kientzle dated March 14, 15, and April 18, 25, and 27, 2017. These emails were prepared in connection with Midwest's invoices for investigative services. They contain information regarding the investigation. The documents, therefore, are privileged as documents

made in anticipation of litigation or trial by Canton Marine's counsel. See Id.

Documents with Bates Stamp Numbers CM000850 – CM000856 are emails between Kientzle and Olga Merzlikina, a paralegal at Tonkin & Mondl. The emails concern Whitchurch's planned deposition of Kientzle. The documents, therefore, are privileged as documents made in anticipation of litigation or trial by Canton Marine's counsel and agent. See Id.

Documents with Bates Stamp Numbers CM000831 – CM000840 contain general information about Midwest, copies of Kientzle's private detective licenses, and information on three attorney references. The email from Kientzle to defense counsel dated February 8, 2017, on the lower portion of Bates Stamp Numbers CM000846 is the email that Kientzle sent to forward these documents to defense counsel. These documents were not prepared in anticipation of litigation. Kientzle was not an agent of defense counsel at the time he wrote the February 8, 2017 email. The documents are not privileged. Midwest must produce these documents.

Documents CM 000855 – CM000856 is a copy of an email between Whitchurch's attorney and Midwest's attorney. Neither Canton Marine, its

attorneys, nor agents prepared this document.  The document is not privileged.  Midwest must produce this document.

Whitchurch argues that text messages are comparable to video footage.  A party may show a substantial need for audio or video recordings and images under Rule 26(b)(3)(A)(i) and (ii) if the opposing party intends to present any of the recordings or images at trial.  If so, the party must produce all the unedited footage and all unedited photographs and images so that the opposing counsel may use its own editorial judgment to present a complete picture of the recorded information.  See Hummer v. BNSF Ry. Co., 2006 WL 3523752, at *1 (C.D. Ill. Dec. 6, 2006).  Whitchurch makes no showing that Canton Marine intends to present any portion of the text message exchange between Kientzle and defense counsel at trial.  If Canton Marine presents any portion of these text messages at trial, Whitchurch may ask the District Court to address whether all of the text messages must be produced at that point.  The Court will not order production at this point in the case.

Whitchurch argues that even if the documents are privileged, he has made the required showing of substantial need under Rule 26(b)(3)(A)(i) and (ii) to receive copies of these documents.  Whitchurch argues that he needs the dates of Kientzle's investigation.  The dates of his investigation is

factual information that Kientzle must provide at his deposition, as discussed below. The work product privilege protects documents, not facts. See Hickman, 329 U.S. at 507. Because Whitchurch may discover the dates of the investigation in Kientzle's deposition, Whitchurch has not met his burden to show a substantial need for the documents.

    Whitchurch also asks the Court to order Canton Marine to produce a complete privilege log that provides adequate information about the documents in order to evaluate the claims of privilege. This request is moot because Court has now identified and reviewed the documents and resolved the privilege claims.

    Whitchurch also asks the Court to order Kientzle to appear for a deposition and to answer questions under oath regarding his investigation and confirm that all recordings and photographs that he made in course of his investigation for this case have been produced to Whitchurch's counsel. Canton Marine must make Kientzle available to be deposed. Canton Marine disclosed Kientzle in discovery as a person with information about this case. See Plaintiff's Opposition to Defendant's Motion to Quash and Motion to Compel Discovery Responses (d/e 29) Whitchurch Response, at 4 and Exhibit 5, Defendant Canton Marine's Supplemental Answers and

Responses to Plaintiff's Written Discovery, at 3, Answer to Interrogatory No. 7.  Whitchurch, therefore, is entitled to depose him.

At the deposition, Kientzle must provide factual information that is relevant for discovery purposes.  The attorney/client privilege and the work product privilege do not extend to facts that Kientzle knows, even if Kientzle learned those facts during the course of his investigation, "'[T]he observations of Defendant's investigators, as well as relevant information with respect to the mechanics of the surveillance, are fair game for inquiry' in a deposition." Roa, 2014 WL 695961, at *5 (quoting Papadakis v. CSX Transp., Inc., 233 F.R.D. 227, 229 (D. Mass. 2006); see EEOC v. Jewel Food Stores, Inc., 231 F.R.D. 343, 346-49 (N.D. Ill. 2005); Dean Foods Co., 2010 WL 3980185, at *3-*5.

In addition, the Court directs counsel for Canton Marine to certify in writing to Whitchurch's counsel at least 24 hours before the scheduled date of Kientzle's deposition whether: (1) the video footage provided to Whitchurch's counsel in discovery is all of the recordings (either audio or video, or both) and all the photographs or other images that Canton Marine or its counsel have in their possession, custody, or control that relate to this case; and (2) the video footage provided to Whitchurch's counsel in discovery is complete and unedited.  Parties have a continuing obligation to

provide complete discovery responses. Fed. R. Civ. P. 26(e). Canton Marine has stated that it has produced all of the videos taken, but it must certify 24 hours before Kientzle's deposition that the videos are complete and unedited and that all recordings and photographs in its possession related in any way to this case have been produced. Such a certification is in the interests of justice and speed the completion of discovery in this case. See Brown-Bey v. U.S., 720 F.2d 467, 470-71 (7th Cir. 1983) ("A district court has broad discretion" over the "manner and course of discovery."); Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001) (same).

Whitchurch's counsel may also ask Kientzle at his deposition about facts related to any and all recordings and photographs that he made, viewed, or heard in the course of his investigation for this case.

THEREFORE, IT IS ORDERED that Defendant Canton Marine Towing Co., Inc.'s (Canton Marine) Motion to Quash (d/e 27) is ALLOWED in part and DENIED in part. The Court orders Midwest Professional Investigations II, Inc. to produce the documents with Bates Stamp Numbers CM000831 – CM000840; the email from Kientzle to defense counsel dated February 8, 2017, located on the lower portion of Bates Stamp Number CM000846; and the documents with Bates Stamp Numbers CM 000855 –

CM000856. The Court directs Defendant Canton Marine to make Kientzle available to be deposed. Kientzle shall answer questions about facts related to this case in accordance with this Opinion. Counsel for Canton Marine shall make the certification ordered in this Opinion.

ENTER: September 27, 2017

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE