IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KORI WHITCHURCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-3278 |
| CANTON MARINE TOWING CO., INC., | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Canton Marine Towing Co., Inc.'s (Canton Marine) Motion to Exclude the Expert Testimony of Dr. Rebecca Summary (d/e 34) (Motion). For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

Plaintiff Kori Whitchurch worked for Canton Marine as a deckhand in August 2016. Whitchurch alleges that he injured his shoulder while working on Canton Marine's vessel. Whitchurch brought this action for damages under the Jones Act, 46 U.S.C. § 30104, and general maritime law. See Verified Complaint in Admiralty (d/e 1).

Whitchurch disclosed in discovery the expert opinions of Dr. Rebecca Summary, Ph.D. Dr. Summary is an economist. Dr. Summary performed a present value study of Whitchurch's lost earning potential as a result of his injuries. Motion, attached Exhibit A, Expert Report of Dr. Summary (Report). Whitchurch was 37 years old at the time of the Accident. Dr. Summary assumed Whitchurch could earn his current wages at the time of the Accident for the next 30 years until he was 67 years old. Dr. Summary assumed that at the time of the Accident, Whitchurch worked a 7 days on, 4 days off schedule and earned $140 per workday. Dr. Summary calculated the gross annual earnings on such a schedule to be $32,480.00. Dr. Summary calculated the gross employer-paid fringe benefits to be $10,151.00.

Dr. Summary determined an appropriate discount rate by calculating the difference between the average interest rates on 3-month, 6-month, and 10-year Treasury notes and bills (5.4%) from 1976 to 2016 and the historic growth rate of earnings from the same period (3.8%) to reach a discount rate of 1.6%. Dr. Summary multiplied the annual gross salary times the number of years and months from the time of her report, June 30, 2017, until Whitchurch would become 67 years old, and then divided by the discount rate of 1.6 to calculate a present value of lost future earning

capacity to be $609,607.00. Dr. Summary performed a similar calculation to estimate the lost fringe benefits to be $213,413.00.

Dr. Summary used federal and state tax tables to calculate Whitchurch's net after-tax income to be $28,996.00. Dr. Summary calculated the amount of Whitchurch's after-tax income and fringe benefits lost from the date of the Accident until June 30, 2017 to be $33,331.00.

Canton Marine moves to bar her opinions as inadmissible under the principles announced in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, (1993), and codified in Federal Rule of Evidence 702.

## ANALYSIS

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This Court must perform a gatekeeping function to determine that expert testimony is reliable and relevant under the principles codified in Rule 702. See Daubert, 509 U.S. at 597. In performing this function, the Court must determine the reliability and the relevance of the evidence. Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 816 (7th Cir. 2004).

This case, however, is set for a bench trial. The Court is both gatekeeper and factfinder. In such a situation, there is less need to decide whether to exclude expert testimony in limine before the trial,

> Where the gatekeeper and factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened. . . . [T]he court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

In re Salem, 465 F.3d 767, 777 (7th Cir. 2006). The Court, therefore, will continue to act as gatekeeper at trial even if Dr. Summary's opinions, or any expert's opinions, are not excluded pretrial in limine.

Under Rule 702 and Daubert, the Court must first evaluate the qualifications of the expert. In this case, Dr. Summary is a Ph.D. economist with experience in present value analysis. Canton Marine does not

challenge Dr. Summary's qualifications as an expert to perform a present value study of Whitchurch's lost future income.

The Court must then determine whether the expert testimony is reliable and relevant and whether his opinions will assist the trier of fact in determining a fact in issue. See Ammons, 368 F.3d at 816. The Court must evaluate the reliability of the expert's methodology. Manpower Inc. v. Insurance Co. of Penn., 732 F.3d 796, 806 (7th Cir. 2013). The Court, however, does not evaluate at the pretrial stage of the proceeding the quality of the underlying data or the quality of the expert's conclusions. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact, or, where appropriate, on summary judgment." Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000). At trial, the Court as the factfinder will decide the soundness of the factual underpinnings and the correctness of the conclusions.

The Court must also evaluate whether the expert's opinions are relevant and fit the issue to which the expert is testifying. See Deimer v. Cincinnati Sub-Zero Prods., Inc., 58 F.3d 341, 344 (7th Cir. 1995); see Ammons, 368 F.3d at 816. Evidence is relevant if "it has a tendency to makes a fact [at issue] more or less probable that it would be without the

evidence." Fed. R. Evid. 401(a).  The evidence, "'need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, "but it must in some degree advance the inquiry."'" Thompson v. City of Chicago, 472 F.3d 444, 453 (quoting E.E.O.C. v. Indiana Bell Telephone Co., 256 F.3d 516, 533 (7th Cir. 2001) (quoting 1 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 401.04[2][b])).

In this case, Dr. Summary used an appropriate methodology for calculating present value of lost future earning capacity.  Dr. Summary determined a discount rate based on Treasury rates and earnings growth rates.  Canton Marine does not challenge this methodology.  She calculated the total lost earning potential, based on Whitchurch's daily wages and his working schedule at the time of the Accident.  She calculated the total earnings until Whitchurch's qualification for full Social Security benefits and applied the discount rate to that number to reach a present value.  Dr. Summary used a reliable methodology.

Dr. Summary's opinions are also relevant and fit the issue of damages.  Whitchurch alleges that he was injured and lost earning capacity as a result of his injuries.  A present value analysis is the appropriate way to calculate the amount of damages for such injuries.  See e.g., , Federal Civil Jury Instructions of The Seventh Circuit (Committee on Pattern Civil

Jury Instructions of the Seventh Circuit revised August 2017), Instruction 7.26 Compensatory Damages ("[The [wages, salary, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.]]"). Dr. Summary's analysis is, therefore, relevant and fits the issue of damages for lost earning capacity.

     Canton Marine argues that Dr. Summary's opinions are not based on the facts of this case. Canton Marine argues that she incorrectly assumed Whitchurch had the earning capacity to make his fulltime wage at Canton Marine for the rest of his life. Canton Marine argues that she incorrectly assumed Whitchurch had the earning capacity to receive the fringe benefits of a fulltime permanent employee of Canton Marine for the rest of his life. Canton Marine argues that Dr. Summary incorrectly assumed that Whitchurch lost all earning capacity in the Accident. Canton Marine points to evidence that Whitchurch is in fact working.

     All of Canton Marine's arguments go to the validity of the factual underpinnings of Dr. Summary's opinions. The Court, as factfinder, will determine all those issues at trial. Whitchurch will need to prove the validity of those assumptions at trial. If he fails to do so, the Court as

factfinder and gatekeeper at trial will disregard Dr. Summary's opinions. Her opinions regarding lost earning capacity, however, will not be excluded in limine in this bench trial proceeding.

Moreover, even if Whitchurch fails to prove the validity of Dr. Summary's assumption about Whitchurch's future earning capacity and the impact of the Accident on his earning capacity, her opinion regarding the appropriate discount rate would still be relevant. Should Whitchurch establish liability at trial, the Court would need to calculate a present value of the lost earning capacity proven at trial. The discount rate alone would still be relevant and would aid the Court as factfinder.

Canton Marine also challenges her opinions about Whitchurch's calculations of lost past wages and benefits. Dr. Summary took her calculations of Whitchurch's annual wages and benefits at the time of the Accident, subtracted taxes based on federal and state tax tables, and calculated the amount lost for the period from the Accident to June 30 2016. The straightforward calculation of lost wages and benefits is relevant to the issue of damages. The opinion will not be barred in limine. Whitchurch, of course, must still prove the factual underpinnings of the calculation at trial.

Canton Marine argues that Dr. Summary failed to consider supplemental wages that Canton Marine paid Whitchurch after the Accident. Canton Marine is again challenging the factual underpinnings of Dr. Summary's analysis, not her methodology or the relevance of a calculation of lost back wages. At trial, Whitchurch must prove the factual basis for Dr. Summary's opinions. If he does not, the Court will disregard these opinions. The Court, however, will not bar the opinions in limine.

Canton Marine argues in its Reply that Dr. Summary should not be allowed to express new opinions that were not previously disclosed. Whitchurch, or any party, must properly disclose expert opinions in discovery before the opinions may be admitted at trial unless the failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 26(a)(2) and (e), and 37(c). Whitchurch has not identified specific new opinions he plans to admit at trial. The Court, therefore, will not bar specific opinions in limine. Canton Marine may object at trial to any attempt to admit expert opinions that Whitchurch did not disclose in discovery. The Court will address the matter at trial.

THEREFORE, IT IS ORDERED: Defendant Canton Marine Towing Co., Inc.'s Motion to Exclude the Expert Testimony of Dr. Rebecca Summary (d/e 34) is DENIED. Dr. Summary's opinions will not be barred

in limine. The Court, however, will continue to perform its gatekeeping function in light of the evidence proven to it as the factfinder at the bench trial. In re Salem, 465 F.3d at 777.

ENTER: November 28, 2017

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE