**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KORI WHITCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3278 |
| | ) | |
| CANTON MARINE TOWING CO., | ) | |
| INC., and the M/V SIR J-ETTE, | ) | |
| in rem, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Before the Court is Plaintiff Kori Whitchurch's Motion to Dismiss Counterclaim (d/e 48). The Court finds that Defendant Canton Marine Towing Co., Inc. ("Canton Marine") has not alleged a cognizable claim under federal maritime law. Therefore, Plaintiff's Motion is GRANTED and Defendant Canton Marine's Amended Counterclaim (d/e 39) is DISMISSED WITHOUT PREJUDICE and with leave to amend.

## **I. BACKGROUND**

This action arises from claims of negligence under the Jones Act, 46 U.S.C. § 30104, and unseaworthiness and maintenance and

cure under general maritime law. See Compl. (d/e 1). Plaintiff was employed by Canton Marine as a deckhand and member of the crew of the vessel M/V SIR J-ETTE. Id. at ¶ 4. On August 9, 2016, while the M/V SIR J-ETTE was afloat on the Mississippi River, Plaintiff alleges he hurt his shoulder pulling wire from a winch. Id. at ¶ 8. Canton Marine's paid maintenance and cure to Plaintiff until January 2017, which totaled $18,258.97. See Amend. Counterclaim at ¶ 12 (d/e 39). Plaintiff filed his Complaint on October 13, 2016.

Shortly after this injury, on August 26, 2016, Plaintiff underwent a mandated Department of Transportation ("DOT") physical. Id. at ¶ 4. During this physical, Plaintiff told the medical examiner "that he had not… sustained any recent injury, had no physical complaints, had no joint, nerve, or muscle problems, and had unlimited use of his arms and hands." Id.

Shortly after receiving a copy of the DOT physical report, Canton Marine moved to file a counterclaim under Federal Rule of Civil Procedure 13(e) on October 16, 2017, (d/e 33), which U.S. Magistrate Judge Tom Schanzle-Haskins approved on November 2, 2017. See November 2, 2017 Minute Entry. Canton Marine then

cure under general maritime law. See Compl. (d/e 1). Plaintiff was employed by Canton Marine as a deckhand and member of the crew of the vessel M/V SIR J-ETTE. Id. at ¶ 4. On August 9, 2016, while the M/V SIR J-ETTE was afloat on the Mississippi River, Plaintiff alleges he hurt his shoulder pulling wire from a winch. Id. at ¶ 8. Canton Marine's paid maintenance and cure to Plaintiff until January 2017, which totaled $18,258.97. See Amend. Counterclaim at ¶ 12 (d/e 39). Plaintiff filed his Complaint on October 13, 2016.

Shortly after this injury, on August 26, 2016, Plaintiff underwent a mandated Department of Transportation ("DOT") physical. Id. at ¶ 4. During this physical, Plaintiff told the medical examiner "that he had not… sustained any recent injury, had no physical complaints, had no joint, nerve, or muscle problems, and had unlimited use of his arms and hands." Id.

Shortly after receiving a copy of the DOT physical report, Canton Marine moved to file a counterclaim under Federal Rule of Civil Procedure 13(e) on October 16, 2017, (d/e 33), which U.S. Magistrate Judge Tom Schanzle-Haskins approved on November 2, 2017. See November 2, 2017 Minute Entry. Canton Marine then

filed an amended counterclaim on November 15, 2017 (d/e 39). Canton Marine alleges that Plaintiff lied about the existence of his injury and fraudulently obtained benefits from Canton Marine. See Amend. Counterclaim (d/e 39). In addition to allegations relating to the inconsistent DOT physical, Canton Marine alleges that Plaintiff presented inconsistent and implausible stories as to how the accident occurred during the interviews and made inconsistent statements on a disability questionnaire that his treating physician acknowledged "were not truly representative of his capabilities." Id. at ¶¶ 3 and 10.

Plaintiff filed this Motion to Dismiss Counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction, that Canton Marine failed to state a claim upon which relief can be granted, and that Canton Marine has failed to meet the pleading requirements of fraud under Federal Rule of Civil Procedure 9(b). See Pl. Mot. (d/e 48).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal of a claim for lack of subject matter

jurisdiction. Fed. R. Civ. P. 12(b)(1). "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea–Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). However, the claimant bears the burden of proving the jurisdictional requirements have been met. Burwell, 770 F.3d at 588–89.

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a party need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). However, pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the pleading in the light most favorable to the pleader, accepting all well-pleaded allegations as true and construing all reasonable inferences in pleader's favor. Id.

### III. ANALYSIS

Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 12(b)(1), and alleges that the Court does not have subject matter jurisdiction because maritime law applies and Canton Marine has not alleged a cognizable claim under that body of law. See Pls. Mot. at 1-2 (d/e 48). Canton Marine argues that there is a basis for supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and that its claim is cognizable under maritime law. See Defs. Resp. at 5 (d/e 52).

The Court notes that a pleading that states a claim for relief must contain a "short and plain statement of the grounds for the court's jurisdiction" pursuant to Federal Rule of Civil Procedure 8(a)(1). Canton Marine's counterclaim fails to do so. However, the Court has supplemental jurisdiction over any claims that are "so

related to claims" over which the Court has original jurisdiction such that the related claims "form part of the same case or controversy" as the original claims. 28 U.S.C. § 1367(a). The Seventh Circuit has held that "[c]laims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 683 (7th Cir. 2014) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). "A loose factual connection between the claims is generally sufficient" to establish such a common nucleus. Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995). In the instant case, Canton Marine's counterclaim is that Plaintiff fabricated his accident and injury in order to receive maintenance and cure payments from Canton Marine. These claims have a strong factual connection to Plaintiff's claims for negligence, unseaworthiness, and maintenance and cure based on the same alleged accident and injury. Therefore, this Court would have subject matter jurisdiction over Canton Marine's counterclaim, so long as it alleges a cognizable claim under the applicable law.

Here, the applicable law is federal maritime law. Canton Marine's counterclaim does not include a jurisdictional statement

and does not invoke admiralty law pursuant to Federal Rule of Civil Procedure 9(h). However, regardless of whether a maritime tort claim is brought on the admiralty or the law side of a federal district court, the parties' rights and liabilities are controlled by federal principles of maritime law if the case arises from conduct that brings it within reach of the Court's admiralty jurisdiction. See Bodnar v. Hi-Lex Corp., 919 F. Supp. 1234, 1237 (N.D. Ind. 1996) (collecting cases); Quirin v. Lorillard Tobacco Co., 17 F. Supp. 3d 760, 766–67 (N.D.Ill. 2014) (The fact that the case is before this court pursuant to diversity rather than admiralty jurisdiction, however, 'does not preclude the application of maritime law.') (citing Carey v. Bahama Cruise Lines, 864 F.2d 201, 206 (1st Cir.1988)). Here, in light of the Court's admiralty jurisdiction, federal maritime law will prevail. See Fed. Ins. Co. v. Speedboat Racing Ltd., 200 F. Supp. 3d 312, 336 (D. Conn. 2016). Therefore, Canton Marine's counterclaim will only survive a motion to dismiss if there is a cognizable claim under federal maritime law.

Generally, overpayments of maintenance and cure can only be recovered as an offset to any damages a seaman may recover under the Jones Act. The McCorpen defense arises out of the Fifth Circuit

case McCorpen v. C. Gulf S. S. Corp., 396 F.2d 547 (5th Cir. 1968), which held that an employer's obligation to pay maintenance and cure to an injured seaman is terminated upon proof that the seaman, in procuring his employment, intentionally and willfully concealed material information about a prior medical condition that is related to the later injury. Id. at 548-49. Courts have been reluctant to expand the defense, as it is in tension with Still v. Norfolk & Western Railway Co., 368 U.S. 35 (1961). Still held "that a worker's fraud in procuring his employment does not vitiate the employment relationship, allowing him to maintain a suit for damages under the Federal Employers' Liability Act." Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723, 726 (5th Cir. 2013).

Plaintiff argues that a claim to recover maintenance and cure obtained by fraud is not cognizable under maritime law based on the principles and holding of Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723 (5th Cir. 2013), which held the McCorpen defense cannot be used as an affirmative cause of action. Canton Marine argues it has not invoked the McCorpen Defense, therefore the holding of Boudreaux and similar cases are inapplicable to their claims. See Defs. Resp. at 3 (d/e 52). The Court recognizes that

the issue here is whether an employer may recoup maintenance and cure from a seaman who lied about the injury and accident itself, not whether he had an underlying injury that would have prevented the employment. However, the Court still finds that cases interpreting the McCorpen defense are at least informative on the issue, especially in light of the paucity of controlling precedent in the Seventh Circuit.

Most courts have not opted to extend the McCorpen defense or convert other instances where maintenance and cure were paid due to fraud into an affirmative cause of action. In Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723 (5th Cir. 2013), an employer sought to obtain maintenance and cure already paid to a seaman by invoking the McCorpen defense as a counterclaim. Id. at 724. The Fifth Circuit held "that once a shipowner pays maintenance and cure to the injured seaman, the payments can be recovered only by offset against the seaman's damages award—not by an independent suit seeking affirmative recovery." Id. at 727. See also, Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 366 (1st Cir. 2016) (adopting the holding of Bourdeaux). District courts in the Seventh Circuit have followed this logic as well. See Williams

v. Cent. Contracting & Marine Inc., 15-cv-867-SMY-RJD, 2017 WL 76937, at *2 (S.D. Ill. Jan. 9, 2017) (refusing to allow counterclaim based on seaman's alleged concealment of prior injuries); Am. River Transp. Co. v. Benson, No. 12 C 6222, 2012 WL 5936535, *4-5 (N.D. Ill. Nov. 27, 2012) (refusing to allow an employer to use the principles of the McCorpen defense to bring an affirmative case, but "not rul[ing] out the possibility that [the employer] may recover under another theory of liability based on [the employee's] misrepresentations").

Accordingly, district courts in the Fifth Circuit have denied similar attempts to bring counterclaims for restitution of maintenance and cure, including cases where, like here, the employer claims the seaman fabricated the injury itself. See e.g. Crowe v. Marquette Transportation Co. Gulf-Inland, LLC, No. CV 14-1130, 2015 WL 13529959, at *1 (E.D. La. Mar. 10, 2015) (collecting cases and holding that an employer cannot raise a counterclaim for fraud in order to seek restitution of maintenance and cure already paid where employer alleges that the injury is fabricated.); Dolmo v. Galliano Tugs, Inc., No. CIV.A. 09-3976, 2011 WL 6817824 (E.D. La. 2011), aff'd, 479 Fed. Appx. 656 (5th Cir.

2012) (refusing to allow a counterclaim based on fraud where the employer alleged the employee fabricated the accident). See also, Cotton v. Delta Queen Steamboat Co., 2009-0736 (La. App. 4 Cir. 1/6/10), 36 So. 3d 262, 268 (holding that no cause of action exists to obtain restitution from maintenance and cure payments which were unnecessarily paid).

However, from time to time, various district courts have allowed counterclaims seeking restitution for maintenance and cure payments received as a result of fraud. See, e.g., Souviney v. John E. Graham & Sons, No. 93–0479, 1994 WL 416643, at *5 (S.D.Ala. 1994) ("Because plaintiff intentionally concealed material facts about the very back injury for which he now seeks recovery against the defendant, this Court finds that, as a matter of law, plaintiff is not entitled to receive maintenance and cure benefits. To the extent that such benefits have been paid by the defendant, the defendant is entitled to recover the amount of those benefits by way of judgment against the plaintiff."); Quiming v. Int'l Pac. Enters., Ltd., 773 F.Supp. 230, 235–37 (D.Haw. 1990) (granting a counterclaim for maintenance and cure already paid where the Court found that plaintiff was never legally entitled to receive the

benefits); Bergeria v. Marine Carriers, Inc., 341 F.Supp. 1153, 1154–56 (E.D.Pa.1972) ("In addition to our finding that the counterclaim [for maintenance and cure obtained by misrepresentation of prior medical condition] is cognizable within the maritime jurisdiction, it must also be allowed as a contractual set-off."). See also, Brege v. Lakes Shipping Co., 225 F.R.D. 546, 548 (E.D. Mich. 2004) ("If a shipowner pays a seaman more than required for maintenance and cure, he may recover the overpayment by means of a set-off against other damages, . . ., or through a counterclaim.") (cite omitted).

Additionally, as Canton Marine notes, the U.S. District Court for the Southern District of Illinois has allowed a counterclaim where an employer sought to recoup maintenance and cure fraudulently obtained by a seaman who fabricated an injury. See Phillips v. Hunter Marine Transport. Ind., 09-CV-0997-SCW, 2012 WL 4471646 (S.D. Ill. Sept. 26, 2012). Despite Canton Marine's contention that the Phillips court rejected the "exact same" argument being presented here, the Phillips court did not address whether the claim was cognizable or not, as it was not raised by the parties. Id. See also, Phillips v. Hunter Marine Transport. Ind.,

United States District Court, Southern District of Illinois, Case No. 09-CV-0997-SCW, Motion to Dismiss Counterclaim (d/e 19) (moving to dismiss counterclaim, but not raising any issues with whether the claim is cognizable). Significantly, the Phillips court was confronted with a seaman who attempted to conspire with other crewmembers to fake an injury in order to get maintenance and cure benefits. See Phillips, 2012 WL 4471646 at *2. The factual allegations here are far from such a premeditated scheme.

The Court does finds that the instant case is distinguishable from cases seeking to extend the McCorpen defense. Significantly, when the McCorpen defense applies, the seaman was actually injured and an accident occurred. Assuming all factual allegations in the amended counterclaim are true, as the Court is required to do in deciding a motion to dismiss, the seaman here has fabricated the injury and accident itself.

However, the general principles of limiting the availability of claims for restitution from maintenance and cure payments apply to this factual scenario as well. Given that the only precedents allowing such a cause of action did not thoroughly address the issue, the Court is hesitant to allow such a cause of action to stand.

The Court further finds the rationale in Dolmo convincing, a case dealing with a nearly identical issue of a seaman who allegedly fabricated his injury:

> The problems with the potential ramifications of recognizing this counterclaim for fraud are exponentially enhanced from those associated with the mere repayment of maintenance and cure. The Court finds that the threat of being sued for fraud in response to a seaman's personal injury claim seriously undercuts the historical rationale and the very deference the admiralty gives its wards of the court. Not only does the risk of facing such a counterclaim remain unrecognized in any reported case, but its recognition will cause attorneys to refuse to represent injured seamen. It should be emphasized that the plaintiff here is facing this counterclaim despite the fact that his claim is supported with some medical evidence and the fact that the defendants are fully entitled armed with their McCorpen defense at trial.

Dolmo, 2011 WL 6817824 at *2. Indeed, as the court in Williams noted, "[e]mployers have the opportunity and right to investigate maintenance and cure claims such as this before payments are tendered and they can do so without subjecting themselves to liability for compensatory or punitive damages." Williams, 2017 WL 76937 at *2. Once the payments are made, any judgment would likely be uncollectible, but could cause a powerful chilling effect on seaman seeking to bring claims "and its threat would have a powerful *in terrorem* effect in settlement negotiations." Boudreaux,

721 F.3d at 727.  The Court is especially reluctant to allow an unprecedented cause of action for restitution under the facts of this case, where seaman appears to have medical evidence supporting the existence of at least some injury.  Therefore, the Court finds that Canton Marine has not alleged a cognizable counterclaim under maritime law and the Court lacks subject matter jurisdiction over the counterclaim.  As a result, the counterclaim must be dismissed.

As to Plaintiff's remaining arguments, the Court cannot and need not address them absent subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Dismiss Counterclaim (d/e 48) is GRANTED.  Defendant Canton Marine's Amended Counterclaim (d/e 39) against Plaintiff is DISMISSED without prejudice and with leave to amend. Canton Marine is given 30 days from the date of this Order to file a second amended counterclaim.

**ENTERED: January 31, 2018**

**FOR THE COURT:**
                              s/ *Sue E. Myerscough*
                         **SUE E. MYERSCOUGH**
                         **UNITED STATES DISTRICT JUDGE**