UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KORI WHITCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-cv-3278 |
| | ) | |
| CANTON MARINE TOWING CO., INC., and the M/V SIR J-ETTE, in rem, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff Kori Whitchurch's Motion to Dismiss Second Amended Counterclaim (d/e 57). The Court finds that Defendant Canton Marine Towing Co., Inc. (hereinafter Canton Marine) has not alleged a cognizable claim under federal maritime law. Therefore, Plaintiff's Motion is GRANTED and the Second Amended Counterclaim (d/e 56) is DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

On August 9, 2016, after working on the M/V SIR J-ETTE, Plaintiff reported that he hurt his shoulder pulling wire from a

winch. Compl. ¶¶ 7, 8.  Shortly after making this report, on August 26, 2016, Plaintiff underwent a Department of Transportation ("DOT") physical.  d/e 39-1.  During this physical, Plaintiff told the medical examiner "that he had not . . . sustained any recent injury, had no physical complaints, had no joint, nerve, or muscle problems, and had unlimited use of his arms and hands."  Id.

After receiving a copy of the DOT physical report, Canton Marine filed an amended counterclaim alleging that Plaintiff obtained maintenance and cure fraudulently by fabricating the story about his injury.  In addition to allegations relating to the inconsistent DOT physical, Canton Marine alleged that Plaintiff presented inconsistent and implausible stories as to how the accident occurred and made inconsistent statements on a disability questionnaire that his treating physician acknowledged "were not truly representative of his capabilities."  First Am. Counterclaim ¶¶ 3 and 10.

On January 31, 2018, the Court granted Plaintiff's Motion to Dismiss Counterclaim (d/e 48).  The Court held that, under Federal Rule of Civil Procedure 12(b)(6), Canton Marine did not allege a cognizable counterclaim under maritime law.  The Court dismissed

the First Amended Counterclaim without prejudice and granted Canton Marine leave to file a second amended counterclaim within 30 days.

On February 27, 2018, Canton Marine filed its Second Amended Counterclaim (d/e 56). Canton Marine alleges that Plaintiff lied about the existence of his injury and fraudulently obtained benefits from Canton Marine. The claim of fraud is supported by the allegation of Plaintiff's statements during the DOT physical. Canton Marine alleges those statements were inconsistent with Plaintiff's statements to Captain Jones on August 9, 2016, and other unspecified statements to Canton Marine. Sec. Am. Counter. ¶ 7. The Second Amended Complaint omits allegations of inconsistent stories and the statements on the disability questionnaire.

Plaintiff has now moved to dismiss the Second Amended Counterclaim pursuant to Rule 12(b)(6). Plaintiff alleges that the Second Amended Counterclaim suffers from the same issues as the First Amended Counterclaim and that it does not assert a cognizable claim under maritime law.

## II. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a party need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), the Court construes the pleading in the light most favorable to the pleader, accepting all well-pleaded allegations as true and construing all reasonable inferences in the pleader's favor. Id. However, pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### III. JURISDICTION

The Court finds that it has subject matter jurisdiction over the Second Amended Counterclaim. The Complaint invokes the Court's admiralty jurisdiction under federal maritime law. Because the claims of the Second Amended Counterclaim "form part of the same

case or controversy" as the claims of the Complaint, over which the Court has original jurisdiction, the Court has supplemental jurisdiction over the Second Amended Counterclaim's claims. 28 U.S.C. § 1367(a).

### IV. ANALYSIS

### A. Canton Marine does not assert a claim for relief under federal maritime law.

Canton Marine purports to bring its counterclaims under federal maritime law, incorporating federal and Illinois common law of fraud. As the Court ruled in its January 31, 2018 Opinion, federal maritime law controls the rights and liabilities of this case because the case arises from conduct that invokes the Court's admiralty jurisdiction. See Bodnar v. Hi-Lex Corp., 919 F. Supp. 1234, 1237 (N.D. Ind. 1996) (collecting cases); Quirin v. Lorillard Tobacco Co., 17 F. Supp. 3d 760, 766–67 (N.D. Ill. 2014) (The fact that the case is before this court pursuant to diversity rather than admiralty jurisdiction, however, "does not preclude the application of maritime law") (citing Carey v. Bahama Cruise Lines, 864 F.2d 201, 206 (1st Cir.1988)). In light of the Court's admiralty jurisdiction, Canton Marine's counterclaim must be cognizable

under federal maritime law.  See Fed. Ins. Co. v. Speedboat Racing Ltd., 200 F. Supp. 3d 312, 336 (D. Conn. 2016).

However, federal maritime law generally prohibits an action by an employer against a seaman-employee to recover overpayments of maintenance and cure.  The Federal Employers' Liability Act voids any "device" that is intended to exempt a common-carrier employer from liability under the Act.  45 U.S.C. § 55.  Instead, when defending an action brought under the Act, the employer may offset the sums it has already paid.  Id.

Federal maritime case law generally supports this limit on an employer's ability to recover overpayments by bringing an affirmative claim.  Under McCorpen, a shipowner's duty to pay maintenance and cure to its injured employee is extinguished upon proof that, in procuring his employment, the employee willfully concealed material information about a prior medical condition that is related to the later injury.  McCorpen v. C. Gulf S. S. Corp., 396 F.2d 547, 548-49 (5th Cir. 1968).  However, courts have refused to extend this defense to allow employers to bring a counterclaim seeking to recover payments made before it learned of the

misrepresentation.  Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723 (5th Cir. 2013).

Our fellow district courts in the Seventh Circuit have similarly declined to extend the McCorpen defense into an affirmative cause of action.  See Williams v. Cent. Contracting & Marine Inc., 15-cv-867-SMY-RJD, 2017 WL 76937, at *2 (S.D. Ill. Jan. 9, 2017) (refusing to allow counterclaim based on seaman's alleged concealment of prior injuries); Am. River Transp. Co. v. Benson, No. 12 C 6222, 2012 WL 5936535, *4-5 (N.D. Ill. Nov. 27, 2012) (refusing to allow an employer to use the principles of the McCorpen defense to bring an affirmative case, but "not rul[ing] out the possibility that [the employer] may recover under another theory of liability based on [the employee's] misrepresentations").

Courts are split on whether an employer may bring an affirmative claim for restitution of maintenance and cure where, like here, the employer claims the seaman fabricated the injury or accident itself.  See, e.g., Dolmo v. Galliano Tugs, Inc., No. 09-3976, 2011 WL 6817824 (E.D. La. 2011), aff'd, 479 Fed. Appx. 656 (5th Cir. 2012) (refusing to allow a counterclaim based on fraud where the employer alleged the employee fabricated the accident); contrast

Crowe v. Marquette Transp. Co. Gulf-Inland, LLC, No. 14-1130 (E.D. La. May 8, 2015) (setting aside magistrate's denial of counterclaim to recover payments made due to seaman's falsification that injury occurred while at work) (overruling Crowe v. Marquette Transp. Co. Gulf-Inland, LLC, No. 14-1130, 2015 WL 13529959 (E.D. La. Mar. 10, 2015); Souviney v. John E. Graham & Sons, No. 93–0479, 1994 WL 416643, at *5 (S.D. Ala. 1994) ("Because plaintiff intentionally concealed material facts about the very back injury for which he now seeks recovery against the defendant, this Court finds that, as a matter of law, plaintiff is not entitled to receive maintenance and cure benefits. To the extent that such benefits have been paid by the defendant, the defendant is entitled to recover the amount of those benefits by way of judgment against the plaintiff.").

The Court notes that the instant case is distinguishable from cases regarding a McCorpen counterclaim on the existence of the employment relationship because in those cases, the seaman was actually injured and an accident occurred. Nonetheless, the Court finds that the general principles of limiting the availability of claims for restitution from maintenance and cure payments apply to this

factual scenario as well, in which Canton Marine asserts that Plaintiff fabricated the injury and accident itself. The Fifth Circuit's finding in Boudreaux provides support for this proposition: "once a shipowner pays maintenance and cure to the injured seaman, the payments can be recovered only by offset against the seaman's damages award—not by an independent suit seeking affirmative recovery." Id. at 727; see also Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 366 (1st Cir. 2016) (adopting the holding of Boudreaux). The breadth of this statement suggests that the prohibition on affirmative causes of action by the employer applies beyond the context present in Boudreaux. The Court also considers the paucity of on-point precedent and the policy rationale of limiting counterclaims by employers because they chill actions by employees to protect their Jones Act rights. Dolmo, 2011 WL 6817824 at *2.

The Court is especially reluctant to allow an unprecedented cause of action for restitution under the facts of this case, where the seaman appears to have medical evidence supporting the existence of at least some injury. See id.; Aug. 2016 Medical

Records, d/e 35-1, at 4, 7, 9, 11; Sept. 2, 2016 MRI Report, d/e 35-2, at 3.

## B. The allegations that Plaintiff precluded Canton Marine from investigating the injury does not support a claim for relief.

The allegations in the Second Amended Counterclaim that Plaintiff thwarted Canton Marine's investigation of the injury do not help to state a claim upon which relief can be granted. "Employers have the opportunity and right to investigate maintenance and cure claims such as this before payments are tendered and they can do so without subjecting themselves to liability for compensatory or punitive damages." Williams, 2017 WL 76937 at *2. The correlation of this right is that the employer may rely on certain legal defenses to deny claims where the employee willfully concealed a material fact, such as an existing injury. Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 171 (5th Cir. 2005) ("An employer is allowed to rely on certain legal defenses to deny these claims, such as the defense that the injured seaman willfully concealed a pre-existing medical condition from his employer."). However, the employer's right to investigate and accordant defenses do not create

a cause of action upon which the employer can sue to recover overpayments. See Boudreaux, 721 F.3d at 728 (McCorpen defense allows employer to offset but employer cannot bring independent suit seeking affirmative recovery).

## IV. CONCLUSION

The Court finds that Canton Marine has not alleged a cognizable counterclaim under maritime law. As a result, the counterclaim must be dismissed.

The Court finds that Count I of the Second Amended Counterclaim does not state a cognizable claim for relief under federal maritime law because that law limits an employer's ability to bring a claim for recovery against a seaman-employee and because Canton Marine cannot recover on the claim that Plaintiff prevented Canton Marine from investigating the accident and injury. No other allegation in Count I of the Second Amended Counterclaim supports a claim for which relief can be sought.

Count II of the Second Amended Counterclaim must also be dismissed. Count II rests on the Illinois state common law of fraud. As stated above, because the facts alleged in the Second Amended Counterclaim arise from the same conduct that brings the

Complaint within admiralty jurisdiction, federal maritime law applies. Therefore, Canton Marine cannot circumvent the parameters of that law with a state common-law claim.

For the reasons stated, Plaintiff's Motion to Dismiss Second Amended Counterclaim (d/e 57) is GRANTED. Defendant Canton Marine's Second Amended Counterclaim (d/e 56) is DISMISSED without prejudice.

**ENTERED:** June 29, 2018

**FOR THE COURT:** *s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**